IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM L. MORRELL,

    Plaintiff,

v.                                Civil Action No. 5:05CV171
                                                (STAMP)
UNITED STATES OF AMERICA,
DR. RICHARD RAMIREZ,
JANET BUNTS, ANDREW TEMPLES
and DAVID LeMASTERS,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PLAINTIFF'S OBJECTIONS**

I.  Procedural History

On October 6, 2005, the plaintiff, William L. Morrell, appearing pro se, filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. The Court referred the case to United States Magistrate Judge James E. Seibert, pursuant to Local Rule of Prisoner Litigation Procedure 83.01, et seq., for a preliminary review and report and recommendation. On February 8, 2006, the magistrate judge entered an order directing the plaintiff to provide the Court with a copy of the plaintiff's administrative remedies and his claim for damages, injury or death, including the

responses thereto.[1]  On March 3, 2006, the plaintiff sent an ex parte communication to the magistrate judge, in which he enclosed proof of exhaustion.  The plaintiff stated that he did not receive a copy of the court's exhaustion order until February 22, 2006.  Upon review of the plaintiff's administrative remedies, the magistrate judge found that the plaintiff's claims are exhausted.

Magistrate Judge Seibert entered a report recommending that the plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.  The magistrate judge also informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with a copy of this report.  The plaintiff filed objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  Because objections have been filed, this Court has made an independent de novo consideration of all matters now before it, and is of the opinion that the magistrate judge's

---

[1] The magistrate judge informed the plaintiff that failure to comply with the order would result in a recommendation that the plaintiff's claims be dismissed for failure to exhaust.

report and recommendation should be affirmed and adopted in its entirety.

## II. Discussion

In his civil rights complaint, the plaintiff contends that: (1) the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by not promptly providing him with medical care; and (2) the defendants' negligent treatment of the plaintiff's right knee injury caused him significant damage to his health and well being.

The magistrate judge found that the plaintiff's complaint fails to state a claim upon which relief may be granted. Accordingly, the magistrate judge recommended that the plaintiff's claims should be dismissed.

In his objections to the report and recommendation, the plaintiff argues that his claims are not frivolous because "the term frivolous is an abstract term and its meaning cannot be generally applied to every pleading because what may appear to be frivolous to one person may not be frivolous to another." (Pl.'s Objection at 1.) Further, the plaintiff asserts that he has shown that the defendants have caused him to be denied and deprived of adequate medical attention. This Court notes that, in his objections, the plaintiff fails to provide any new evidence or explanation regarding his claims. The plaintiff's main assertion, in his objections, is that this Court should not adopt and affirm

the magistrate judge's report and recommendation because the plaintiff's complaint alleges a claim upon which relief can be granted. This Court disagrees with the plaintiff's assertion for the reasons stated below.

A. <u>Bivens Claim</u>

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendants acted with deliberate indifference to his serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). In order to establish a claim of cruel and unusual punishment, the plaintiff must prove that: (1) objectively the deprivation of a basic human need was "sufficiently serious;" and (2) subjectively the prison official acted with a "sufficiently culpable state of mind." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991).

A serious medical condition exists if: (1) it has been diagnosed by a physician as mandating treatment; or (2) it is so obvious that even a lay person would recognize that medical treatment is warranted. <u>Gaudreaut v. Municipality of Salem, Mass.</u>, 923 F.2d 203, 208 (1st Cir. 1990), <u>cert. denied</u>, 500 U.S. 956 (1991).

The subjective component of a claim for cruel and unusual punishment is satisfied by showing that the prison official acted with deliberate indifference. <u>Wilson</u>, 501 U.S. at 303. A finding of deliberate indifference requires more than a showing of

4

negligence. Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." Id. at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." See Morales Feliciano v. Calderon Serra, 300 F.

Supp. 2d 321, 341 (D.P.R. 2004)(citing Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003).

    1.   <u>Defendants Temples and LeMasters</u>

In this action, the plaintiff does not assert that Temples or LeMasters were involved in either the diagnosis or treatment of his knee injury. Thus, the magistrate judge found that the plaintiff has failed to state a claim against Temples and LeMasters. The plaintiff filed objections to the magistrate judge's recommendation by asserting that he has stated a claim upon which relief can be granted.

In a <u>Bivens</u> case, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994); <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 666 (3rd Cir. 1988). The plaintiff must show some sort of personal involvement on the part of the defendants and a casual connection to the harm alleged. See <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986). This is particularly true in a <u>Bivens</u> action where "liability is personal, based upon each defendant's own constitutional violations." <u>Trulock v. Freeh</u>, 275 F.3d 391, 402 (4th Cir. 2001).

The plaintiff fails to state in his complaint and objections to the magistrate judge's report and recommendation how Temples and/or LeMasters were involved in his diagnosis or treatment of his knee injury. Further, this Court fails to see how, Temples, as

Supervisor of Education, and LeMasters, as Supervisor of Recreation, could have been involved in any decisions regarding the plaintiff's medical care. Any casual connection between these defendants and the plaintiff's injury occurred prior to the injury and prior to the plaintiff seeking medical care. Because the plaintiff has not alleged any personal involvement on the part of Temples or LeMasters in his medical care, this Court finds that the plaintiff fails to state a claim against them for the deliberate indifference to his serious medical needs.

   2.   <u>Defendants Ramirez and Bunts</u>

In this action, the plaintiff asserts a claim of cruel and unusual punishment against Ramirez and Bunts regarding the diagnosis and course of treatment of his knee injury. The magistrate judge found that the plaintiff fails to assert any exceptional circumstances to support a claim of cruel and unusual punishment. The plaintiff filed objections to the magistrate judge's findings stating that his complaint includes any injuries sustained throughout his treatment, examination, surgery and post surgery.

Upon a review of the record, this Court notes that the plaintiff was injured on January 18, 2005. He was immediately seen by a physician's assistant and scheduled for an appointment with a medical doctor. The plaintiff received an x-ray of his injury two days after it occurred. The medical doctor recommended that the

7

plaintiff's injury be assessed through an magnetic resonance imaging ("MRI") and through an orthopedic specialist. Less than one month after this recommendation was made, the plaintiff received an MRI. During that time period, the plaintiff also received a second x-ray of his injury.

While there was some delay, approximately two months, between the time the plaintiff received the MRI and the time he received an orthopedic consult, this Court fails to understand how this delay was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Even though the plaintiff may have suffered some pain during these two months, by his own admission he was still being seen and treated by the medical staff of the Bureau of Prisons ("BOP"). The plaintiff does not assert that he has suffered a "lifelong handicap or permanent loss" due to this relatively short delay. In fact, in his complaint, the plaintiff does not assert a claim arising after his knee surgery. In his objections, the plaintiff states that he filed "an omnibus complaint for injuries sustained which includes any event that occurred from the instant the injury was sustained and continuing throughout the treatment, examination, surgery and post surgery." (Pl.'s Objection at 3.)

This Court notes that the plaintiff fails to inform this Court whether or not the surgery was successful. In his objection, the plaintiff contends that: "The success of the surgery is not

8

determined by the complaint or non-complaint of Plaintiff, but by the expert competency of the surgeon that performed the surgery. Thus, it cannot be assumed or presumed that a complaint by a plaintiff that the surgery was not a success could be construed and interpreted that it was a success because Plaintiff is not a surgeon, he did not operate on himself, so he cannot be held responsible for the success or unsuccess of the surgery." (Pl.'s Objection at 3.) Further, this Court notes that the plaintiff does not state any post-surgery complications. Thus, it appears to this Court that the medical personnel have determined that the plaintiff's surgery was successful.

Finally, to the extent that the plaintiff argues that his orthopedic consult or surgery was delayed because his injury was considered "non-emergent," this Court fails to see how this establishes that the defendants were deliberately indifferent to his serious medical needs. The plaintiff is clearly entitled to appropriate medical care, but that care is not absolute or unlimited. Because the BOP has tens of thousands of inmates in its care and limited resources, it is not unreasonable for the BOP to prioritize inmate injuries and the care that they receive.

In this action, Ramirez and Bunts were clearly aware of the plaintiff's injuries and his need for follow-up medical attention. Because the plaintiff's injury was not life-threatening, his follow-up medical attention was prioritized accordingly. This

9

Court notes that it is not trying to minimize the plaintiff's pain or injuries in this action, it is just trying to determine if there is a claim for deliberate indifference in the treatment of the plaintiff's knee injury.

This Court finds that the delay between the plaintiff's injury and his actual surgery was not especially significant in the circumstances stated to this Court. As previously noted, during the time in which the plaintiff was awaiting the orthopedic consult and the surgery, the BOP did not abandon the plaintiff's medical care. Thus, based upon the circumstances surrounding the plaintiff's claim, this Court finds that the BOP's prioritization of patients' complaints is not unreasonable and does not rise to a level of a constitutional violation.

Accordingly, this Court finds that the plaintiff fails to state a claim for deliberate indifference in the treatment of his knee injury and this claim must be dismissed.

B. <u>Negligence/Federal Tort Claims Act Claim</u>

The FTCA waives the federal government's traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). "The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." <u>Medina v. United States</u>, 259 F.3d 220, 223 (4th Cir. 2001). All of

the alleged negligent acts occurred in West Virginia, thus, the substantive law of West Virginia governs this action.

1. <u>Negligence</u>

The plaintiff names Temples and LeMasters as agents of the United States under his FTCA claim. This Court believes that the plaintiff is attempting to raise a general negligence claim for his injury due to the failure of the BOP to supervise the prison's yoga classes.

In West Virginia,

> every action for damages resulting from injuries to the plaintiff, alleged to have been inflicted by the negligence of the defendant, it is incumbent upon the plaintiff to establish . . . three propositions: (1) A duty which the defendant owes to him; (2) A negligent breach of that duty; (3) Injuries suffered thereby, resulting proximately from the breach of that duty.

<u>Webb v. Brown & Williamson Tobacco Co.</u>, 2 S.E.2d 898, 899 (W. Va. 1939).

With regard to federal prisoners, the BOP owes a duty to provide suitable quarters and to provide for the inmates' safekeeping, care and subsistence. 28 U.S.C. § 4042(a). This duty, similar to the duty of a landowner in West Virginia, has been interpreted as one of "reasonable care." <u>See</u> <u>McNeal v. United States</u>, 979 F. Supp. 431 (N.D. W. Va. 1997).

With respect to the negligence claim, the magistrate judge found that the plaintiff has failed to state a claim for relief because the plaintiff fails to make a specific allegation to

11

support his claim. Accordingly, the magistrate judge recommended that the plaintiff's allegation of negligence on behalf of the BOP for its failure to supervise the prison's yoga classes should be dismissed as insufficiently plead. In his objections, the plaintiff asserts that the defendants breached their duty because they were in charge of the yoga class which was not "overseen, monitored, or regulated." (Pl.'s Objection at 1-2.)

Federal Rule of Civil Procedure 8 states, in pertinent part that "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." While "the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001)(citation and internal quotations omitted.)

Upon a review of the complaint and the plaintiff's objections, this Court finds that the plaintiff has failed to state a claim for relief pursuant to Rule 8. The plaintiff does not state how the defendants failed to supervise the yoga class. The plaintiff

12

merely makes the statement that the yoga class was not "overseen, monitored, or regulated." (Pl.'s Objection at 2.) Thus, the plaintiff has not sufficiently pled a cause of action for negligence against Temples and LeMasters. Accordingly, this Court finds that the plaintiff's claim regarding the BOP's failure to supervise must be dismissed.

2. <u>Medical Negligence</u>

To establish a medical negligence claim in West Virginia, the plaintiff must prove that:

> (a) the health care provider failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (b) such failure was a proximate cause of the injury or death.

W. Va. Code § 55-7B-3. When a medical negligence claim involves an assessment of whether or not the plaintiff was properly diagnosed and treated and/or whether the health care provider was the proximate cause of the plaintiff's injuries, expert testimony is required. <u>Banfi v. American Hospital for Rehabilitation</u>, 529 S.E.2d 600, 605-606 (2000).

Additionally, under West Virginia Code § 55-7B-6, certain requirements must be met before a person may file an action against a health care provider. This section provides in pertinent part:

> § 55-7B-6. Prerequisite for filing an action against a health care provider; procedures; sanctions

> (a) Notwithstanding any other provisions of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.
>
> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) the expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provider for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 or the rules of civil procedure.

W. Va. Code § 55-7B-6.

This Court previously held that compliance with West Virginia Code § 55-7B-G is mandatory prior to filing suit in federal court. See <u>Stanley v. United States</u>, 321 F. Supp. 2d 805, 806-807 (N.D. W. Va. 2004).

The plaintiff has failed to sustain his burden of proof. The plaintiff does not assert, much less establish, the standard of care for the diagnosis or treatment of either a torn medial

14

meniscus or a torn lateral meniscus.  The plaintiff does not offer any pleadings, affidavits or declarations from any medical professional that establishes the applicable community standards for the diagnosis or treatment of a torn medial meniscus or a torn lateral meniscus.  Further, this Court finds that the copies of the plaintiff's medical records are insufficient to establish that standard of care.

Based upon the circumstances of this case, the plaintiff would be required to produce the medical opinion of a qualified health care provider in order to raise any genuine issue of material fact with respect to the defendants' breach of the duty of care.  This Court finds that there is nothing in the complaint or the plaintiff's objections which reveal that the plaintiff has met the requirements of West Virginia Code § 55-7B-6.  Accordingly, dismissal of the plaintiff's medical negligence claim is appropriate.

III. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety and OVERRULES the plaintiff's objection.  Accordingly, the plaintiff's complaint is DENIED and

this civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the plaintiff may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the plaintiff and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 12, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE