IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM L. MORRELL,

    Plaintiff,

v.                                    Civil Action No. 5:05CV171
                                                (STAMP)

UNITED STATES OF AMERICA,
DR. RICHARD RAMIREZ,
JANET BUNTS, ANDREW TEMPLES
and DAVID LeMASTERS,

    Defendants.

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
AND/OR CLARIFICATION OF THIS COURT'S
MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PLAINTIFF'S OBJECTIONS**

I.  Procedural History

On October 6, 2005, the plaintiff, William L. Morrell, appearing pro se,[1] filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. The Court referred the case to United States Magistrate Judge James E. Seibert, pursuant to Local Rule of Prisoner Litigation Procedure 83.01, et seq., for a preliminary review and report and recommendation. On February 8, 2006, the magistrate judge entered an order directing the plaintiff to provide the Court with a copy of the plaintiff's administrative

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

remedies and his claim for damages, injury or death, including the responses thereto. On March 3, 2006, the plaintiff sent an <u>ex parte</u> communication to the magistrate judge, in which he enclosed proof of exhaustion. The plaintiff stated that he did not receive a copy of the court's exhaustion order until February 22, 2006. Upon review of the plaintiff's administrative remedies, the magistrate judge found that the plaintiff's claims are exhausted.

Magistrate Judge Seibert entered a report recommending that the plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted. The magistrate judge also informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with a copy of this report. The plaintiff filed objections to the report and recommendation. On April 12, 2007, this Court entered a memorandum opinion and order affirming and adopting the magistrate judge's report and recommendation and overruling the plaintiff's objections.

On May 30, 2007, the plaintiff filed a motion for relief from judgment and/or clarification of this Court's order. In his motion, the plaintiff requests that this Court either "[g]rant relief from the order of April 12, 2007, dismissing the instant action" or amend its memorandum opinion and order affirming and adopting the magistrate judge's report and recommendation to indicate that the dismissal is without prejudice to the plaintiff

2

filing an amended complaint which states a claim upon which relief can be granted. (Pl.'s Mot. for Relief from J. at 2.)

This Court finds that the plaintiff's motion must be denied. This Court finds that the plaintiff failed to state a claim upon which relief can be granted, and thus this Court dismissed the plaintiff's complaint on the merits. "[A] final judgment, rendered upon the merits by a court having jurisdiction of the cause . . . is a complete bar to a new suit between [the parties or their privies] on the same cause of action." (internal quotation marks and citations omitted.) Goddard v. Security Title Ins. & Guarantee Co., 92 P.2d 804, 806 (Cal. 1939). The primary meaning of "'dismissal without prejudice,' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001). This Court, after a de novo review of all the matters before it, finds that the plaintiff's claim was reviewed on the merits by the magistrate judge and then by this Court. This Court affirmed and adopted the magistrate judge's dismissal with prejudice because the plaintiff failed to state a claim upon which relief can be granted.

Accordingly, the plaintiff, William L. Morrell's motion for relief from judgment and/or clarification of order is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the pro se plaintiff and to counsel of record herein.

DATED:    August 1, 2007

<pre>
                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE
</pre>